IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EL COMITE PARA EL BIENESTAR
DE EARLIMART, et al.,

        Plaintiffs,                No. CIV S-04-0882 LKK KJM

    vs.

MARY-ANN WARMERDAM, et al.,

        Defendants.              ORDER

_____/

        Plaintiff's motion to compel production of documents came on regularly for hearing August 10, 2005. Brent Newell appeared for plaintiffs. Michael Neville appeared for the State defendants; Robert Jenne appeared for the Air Resources Board; Polly Frenkel appeared for the Department of Pesticide Regulation. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, upon review of the disputed documents <u>in camera</u>, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Defendants have withheld fourteen documents on the basis of the deliberative process privilege. The purpose of the deliberative process privilege "is to prevent injury to the quality of agency decisions" by ensuring that the "frank discussion of legal or policy matters" in writing, within the agency, is not inhibited by public disclosure. <u>NLRB v. Sears, Roebuck &</u>

1  Co., 421 U.S. 132, 150-51 (1975).  To come within the ambit of the deliberative process
2  privilege, a document must be both "predecisional" and "deliberative."  National Wildlife Fed'n
3  v. U.S. Forest Service, 861 F.2d 1114, 1117 (9th Cir. 1988).  A "predecisional" document is one
4  "prepared in order to assist an agency decisionmaker in arriving at his decision."  Assembly of
5  the State of California v. U.S. Dep't of Commerce, 968 F.2d 916, 920 (9th Cir. 1992) (citations
6  omitted).  Predecisional documents are a part of the "deliberative process" if "the disclosure of
7  [the] materials would expose an agency's decisionmaking process in such a way as to discourage
8  candid discussion within the agency and thereby undermine the agency's ability to perform its
9  functions."  Id.

10          Even where the agency establishes the predecisional deliberative nature of the
11  documents, however, disclosure still may be compelled where the government's interest in non-
12  disclosure is overcome by the need of the opposing litigant and by the need for accurate fact-
13  finding.  Federal Trade Commission v. Warner Communications, Inc., 742 F.2d 1156, 1161 (9th
14  Cir. 1984).  In determining whether the privilege is overcome, the court should consider the
15  relevance of the withheld material, the availability of other evidence, the government's role in the
16  litigation and the extent to which disclosure would hinder frank and independent discussion
17  within the agency.  Id.

18          Applying these standards, the court finds disclosure of the following documents is
19  warranted:  Exhibits 1[1] (with redaction only of the section titled "Options" and the section
20  including issues analyses beginning with "Issue 1" and continuing through and including the
21  "Timetable"), 2 (with redaction only of the section titled "Options"), 3 (with redaction only of
22  the section titled "Options"), 9 (with redaction only of the two pages titled "Meeting Notes"), and
23  10 (with redaction only of pages 3 through 8, beginning with the section titled "Issues and
24  Options. . .").  The remaining documents are properly withheld under the deliberative process

25
26     [1] Counsel for Department of Pesticide Regulation has advised the court that the copy
   provided to the court of Exhibit 1 is the best available copy.

2

1  privilege and the <u>Warner</u> factors do not weigh in favor of disclosure in the circumstances of this
2  case.
3        Accordingly, IT IS HEREBY ORDERED that within ten days from the date of
4  this order defendants shall produce, for inspection and copying, the Exhibits as identified above.
5  DATED: August 16, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
elcomite.oah

3