UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL COMITE PARA EL BIENESTAR DE EARLIMART, an unincorporated association; ASSOCIATION OF IRRITATE RESIDENTS, an unincorporated association; COMMUNITY AND CHILDREN'S ADVOCATES AGAINST PESTICIDE POISONING, a California non-profit corporation; WISHTOYO FOUNDATION, a California non-profit corporation; and VENTURA COASTKEEPER, a California non-profit corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>PAUL HELLIKER, in his official capacity as Director, Department of Pesticide Regulation; TERRY TAMMINEN, in his official capacity as Secretary, California Environmental Protection Agency; CATHERINE WITHERSPOON, in her official capacity as Executive Officer, Air Resources Board; ALAN LLOYD, in his official capacity as Chairman, Air Resources Board; and WILLIAM BURKE, JOSEPH CALHOUN, DORENE D'ADAMO, MARK DESAULNIER, C. HUGH FRIEDMAN, WILLIAM F. FRIEDMAN, MATTHEW McKINNON, BARBARA PATRICK, BARBARA RIORDAN and RON ROBERTS, in their official capacities as members, Air Resources Board,<br><br>        Defendants.<br>_____/ | NO. CIV. S-04-882 LKK/KJM<br><br><br><br><br><br><br><br><br><br><u>O R D E R</u> |

1    On February 21, 2006, the court granted plaintiffs' motion for summary judgment with respect to the first cause of action and granted defendants' motion for summary judgment with respect to the second cause of action.  The court ordered the parties to file cross-briefs as to remedies.

   After considering the briefs of the parties, the court hereby ORDERS as follows:

   1.  Defendants shall propose, adopt and submit to EPA for approval, and implement regulations no later than January 1, 2008, to achieve the emission reduction goals as set forth in the May 9, 1995 memorandum from James Well to James Boyd ("Wells memo").[1]

   2.  On January 1, 2007, defendants shall file a status report with the court as to its progress in meeting the reduction goals described in ¶ 1.  Within five (5) days of defendants' status report, plaintiffs shall respond to this progress report notifying the court whether it is satisfied with defendants' progress.  The court shall schedule a status conference if it deems it necessary at that time.

   3.  In promulgating these regulations, defendants shall use the 1991 inventory as a surrogate 1990 baseline from which defendants shall measure the reduction goals in the Wells memo.

////

////

---

[1] The court has chosen not to micro-manage the manner in which defendants shall comply with this order, but only admonishes defendants that it shall retain jurisdiction to ensure such compliance.

4. If plaintiffs' counsel seeks attorney's fees to ensure compliance with this order or with any other order, plaintiffs' counsel shall timely file a motion for attorney's fees with this court.

5. The court declares that defendants are in violation of the Clean Air Act and the 1994 Ozone State Implementation Plan by failing to utilize the 1990 PUR data as set forth in the 1994 SIP and by failing to adopt "enforceable control measures" as required by the Clean Air Act.[2]

IT IS SO ORDERED.

DATED: April 25, 2006.

<pre>                              /s/Lawrence K. Karlton
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT</pre>

---

[2] In their remedies brief, defendants' counsel states that by proposing the remedy outlined above, they do not waive their right to raise on appeal their objection that such relief is inappropriate because it lacks a proper nexus to the court's decision. Defs.' Br. at 4-5, n.4. Defendants explain that ordering them to adopt, implement and submit regulations necessary to reduce pesticide VOC emissions is inappropriate because there is no nexus between that relief and the wrong that the court identified. Id. Defendants' contention is without merit.
The court explained in its February 21, 2006 order that for a SIP to be valid, enforceable standards must be included – otherwise, the SIP would be invalid. The court did not explicitly hold that defendants failed to comply with the SIP by virtue of their failure to adopt and implement regulations, but the record undoubtedly reflects that defendants failed to meet the promises it made in the SIP, including failing to use the correct PUR data. By virtue of their failure to use the correct PUR data, defendants consequently were unable to adopt proper "enforceable control measures," as they must, under the Clean Air Act.