EDMUND G. BROWN JR.
Attorney General of the State of California
MARY E. HACKENBRACHT
Senior Assistant Attorney General
JOHN DAVIDSON
Supervising Deputy Attorney General
MICHAEL W. NEVILLE, State Bar No. 96543
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5523
 Fax:  (415) 703-5480
 Email:  Michael.Neville@doj.ca.gov

Attorneys for State Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **EL COMITE PARA EL BIENESTAR DE EARLIMART, et al.,** | Case No. CIV S 04-0882 LKK KJM |
| Plaintiffs, | **STIPULATION AND ORDER REGARDING ATTORNEY FEES** |
| v. | |
| **MARY-ANN WARMERDAM, et al.,** | The Honorable Lawrence K. Karlton |
| Defendants, | |
| **AIR COALITION TEAM,** | |
| Intervenor. | |

## STIPULATION

Whereas Plaintiffs El Comité para el Bienestar de Earlimart, *et al*. ("El Comité") and Defendants Mary-Ann Warmerdam, *et al*. ("State Defendants") wish to settle all claims as to costs of litigation, including  attorney fees, within the meaning of 42 U.S.C. 7604(d), in this action;

Therefore, El Comité and State Defendants hereby stipulate and agree as follows:

(1) On February 22, 2006, the Court issued an order deciding cross-motions for

summary judgment.  On April 26, 2006, the Court issued an order regarding the promulgation and implementation of regulations.  State Defendants, and Intervenor, appealed these orders to the U.S. Court of Appeals for the Ninth Circuit.  Those appeals, Nos. 06-16000 and 06-16131, are currently pending.

(2)   In order to promote judicial economy, and in particular to avoid the cost and expense to the parties of bringing, and opposing, a motion for attorney fees before this Court, El Comité and State Defendants stipulate to entry of the Order set forth below.

(3)   Subject to the exceptions and conditions set forth below, it is the intention of El Comité and State Defendants that this Stipulation and Order Regarding Attorney Fees ("Stipulation and Order") shall be effective as a full and final accord and satisfaction and a general mutual release between them of and from any claims for costs of litigation, including attorney fees, whether now known or unknown, suspected or unsuspected, with respect to this action, except that this Stipulation and Order does not apply to any subsequent claims for costs of litigation, including attorney fees, that might arise in future proceedings to enforce relief on the merits in this action; in that event, El Comité reserves the right to claim such costs of litigation, including attorney fees, and State Defendants reserve the right to oppose such a claim.  In addition, this Stipulation and Order does not apply to any subsequent claims for costs of litigation, including attorney fees, in the pending appeals of this Court's judgment or possible appeals from a decision by the U.S. Court of Appeals for the Ninth Circuit; in that event, El Comité reserves the right to claim such costs of litigation, including attorney fees, and State Defendants reserve the right to oppose such a claim.

(4)   This Stipulation and Order, and the release contained herein, involve the settlement of claims which are contested.  Nothing contained herein shall be construed as an admission by El Comité or State Respondents of any fault or wrongdoing and/or liability of any kind to each other or to any other person or entity with respect to this matter.  Nothing herein shall be construed as creating any claim in favor of any person or entity not a party to this Stipulation and Order.

## ORDER

Therefore, IT IS ORDERED AND DECREED that

(1) An award of $306,200.00 to El Comité in costs of litigation, including attorney fees, is "appropriate" pursuant to the federal Clean Air Act, 42 U.S.C. section 7604(d), subject, however, to the conditions stated below.

(2) The parties and the Court recognize that the "appropriateness" of this award may be altered by the outcome of the pending appeals of this Court's orders to the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit"), cited above, or by a U.S. Supreme Court ("Supreme Court") ruling on an appeal, by any of the parties, of a decision by the Ninth Circuit.

(3) For the purposes of this Stipulation and Order, an "appeal" of a decision by the Ninth Circuit to the Supreme Court shall include a petition for a writ of certiorari, a petition for an extraordinary writ, and/or a certification by the Ninth Circuit to the Supreme Court of a question or proposition of law on which the Ninth Circuit seeks instruction for the proper decision of a case from the Supreme Court.

(4) Therefore, State Defendants may challenge the "appropriateness" of this award after the final resolution of the pending appeals. Final resolution of the pending appeals will occur on the date that the Ninth Circuit issues a mandate for each pending appeal, pursuant to Federal Rule of Appellate Procedure 41, unless a party to the pending appeals files an appeal of a decision by the Ninth Circuit with the Supreme Court. If a party to the pending appeals files an appeal of a decision by the Ninth Circuit with the Supreme Court, final resolution will occur, for each pending appeal, on the date when the Ninth Circuit issues a mandate for each pending appeal, or the Supreme Court issues its decision on any appeal of a decision by the Ninth Circuit, whichever is later.

(5) Accordingly, within thirty (30) days of final resolution of these pending appeals, State Respondents will notify El Comité in writing as to whether they believe that the outcome of the pending appeals alters the "appropriateness" of this award. In the event that State Defendants notify El Comité that they do not believe that the outcome of the pending appeals alters the "appropriateness" of this award, they shall, within ninety (90) days of final resolution of the

pending appeals, pay to El Comité $306,200.00 together with interest running from the date the Court enters this Stipulation and Order. Interest shall be determined at the rate of interest specified in 28 U.S.C. § 1961.

(6) In the event that State Defendants notify El Comité that they believe that the outcome of the pending appeals does alter the "appropriateness" of this award, State Defendants will, within ninety (90) days after final resolution, file with this Court a motion challenging the "appropriateness" of this award. If State Defendants file a motion to challenge the "appropriateness" of this award, the Court will decide the motion based on the "as appropriate" standard set forth in the federal Clean Air Act, 42 U.S.C. section 7604(d), and relevant case law. El Comité reserves the right to claim costs of litigation, including attorney fees, incurred in defending a motion by State Defendants challenging the "appropriateness" of this award, and State Defendants reserve the right to oppose such a claim.

(7) This Court shall retain jurisdiction over the parties to oversee the implementation of this Stipulation and Order.

**SO STIPULATED.**

DATED: May 8, 2007        CENTER ON RACE, POVERTY & THE ENVIRONMENT

　　　　　　　　　　　　　　　　/s/ Brent Newell
　　　　　　　　　　　　　　　By: Brent Newell
　　　　　　　　　　　　　　　Attorneys for Plaintiffs El Comité para el Bienestar de
　　　　　　　　　　　　　　　Earlimart, *et al.*

DATED: May 8, 2007        EDMUND G. BROWN JR., ATTORNEY GENERAL OF
　　　　　　　　　　　　　　　　THE STATE OF CALIFORNIA

　　　　　　　　　　　　　　　　/s/ Michael W. Neville
　　　　　　　　　　　　　　　By: Michael W. Neville
　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　Attorneys for State Defendants

1 | **SO ORDERED.**

3 | DATED: May 8, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT