UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EL COMITE PARA EL BIENESTAR DE
EARLIMART,, et al,

        Plaintiffs,        Civ. S-04-882 LKK/KJM

  v.

                                  O R D E R

MARY-ANN WARMERDAM, et al,

        Defendants.
_____/

AIR COALITION TEAM,

        Intervenor.
_____/

The State Defendants have brought a motion seeking the court to clarify or, in the alternative, to modify its April 26, 2006 Remedy Order. For the reason set forth below, the court denies the motion.[1]  The court will, however, grant a brief stay of the judgment.

////

---

[1] Because the court denies the motion to modify on jurisdictional grounds, it need not take judicial notice of the declaration of Randall Segawa, which was sought by the defendants, or the exhibits to the declaration of Anne Katten, as sought by the plaintiffs.

## I. BACKGROUND AND FACTS

The plaintiffs in this case brought suit against several state agencies and agency employees in their official capacities to enforce provisions of the Clean Air Act, 42 U.S.C. §§ 7401, et seq. On February 22, 2006, the court granted the plaintiffs' summary judgment motion as to their first cause of action and granted the defendants' summary judgment motion as to the second cause of action. The court held that a May 9, 1995 memorandum from Department of Pesticide Regulation Director James Wells to California Air Resources Board Director James Boyd was incorporated into the California State Implementation Plan ("SIP"). Consequently, when the SIP was approved by the EPA, the state's commitment to reduce volatile organic compound emissions as described in the Wells letter was made binding and enforceable.[2] Because the defendants had not carried out their commitments under the SIP, the court held that they violated the Clean Air Act. See also April 26, 2006, order at 3, n. 2.

After reviewing additional briefing by the parties as to remedies, the court issued a remedial order on April 26, 2006. In it, the court ordered that the defendants "propose, adopt and submit to the EPA for approval, and implement regulations no later than January 1, 2008 to achieve the emissions reduction goals as set forth" in the Wells memo.

---

[2]The contents of this letter, including the reduction commitments and stated timelines for implementing them, are reproduced in the February 22, 2006 order at 14.

2

On May 26, 2006, the State defendants appealed the court's summary judgment and remedial orders to the Court of Appeals. That appeal is still pending, as of the date of this order.

## II. STANDARD

"Rule 60(b)(5) provides that a party may obtain relief from a court order when 'it is no longer equitable that the judgment should have prospective application.'" <u>Rufo v. Inmates of the Suffolk County Jail</u>, 502 U.S. 367(1992). The party seeking the modification bears the burden of proving that a significant change of circumstances warrants the modification of the prior order. <u>Id</u>.; <u>Bellevue Manor Associates v. United States</u>, 165 F.3d 1249, 1255 (9th Cir. 1999). In this situation, the proposed modification must be tailored to the changed circumstance. <u>Bellevue Manor</u>, 165 F.3d at 1255. Alternatively, the modification may be made if the party seeking it shows that "enforcement of the decree without modification would be detrimental to the public interest." <u>Rufo</u>, 502 U.S. at 384.

## III. ANALYSIS

In their motion, the State defendants ask the court to modify, or in the alternative to clarify, its April 26, 2006 remedies order. The State defendants specifically seek that the court interpret or modify the remedies order to allow the State to make gradual reductions of volatile organic compound emissions in Ventura County until 2012. In 2012, the State defendants assert, the State will have met the reductions in Ventura County described in the Wells memo.

1    For the reasons described herein, the court denies the motion.
2    **A.   Jurisdiction to Modify the Remedy Order**
3    As a consequence of the defendants' appeal of the summary judgment and remedial orders, this court no longer has jurisdiction to modify the remedial order in the manner that the State defendants seek.

When a district court's order is appealed, the district court is divested of jurisdiction over the matters being appealed. Natural Resource Defense Council, Inc. ("NRDC") v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). As the Supreme Court explained, "it is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). This rule promotes judicial economy and presents the court of appeals with a "fixed, rather than a mobile, record." NRDC, 242 F.3d at 1166; Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir. 1988); see also 20 James Wm. Moore, Moore's Federal Practice, § 303.32[1] (3rd ed. 2000).

There are exceptions to this general principle. After an appeal has been noticed, the district court may act to preserve the status quo during the pendency of the appeal. See Newton v. Consolidated Gas Co. of New York, 258 U.S. 165 (1922); NRDC, 242 F.3d at 1166; Hoffman v. Beer Drivers & Salesman's Local Union No. 888, 536 F.2d 1268, 1276 (9th Cir. 1976). This exception is codified in Rule 62(c). See McClatchy Newspapers v. Central Valley

1 Typo., Etc., 686 F.2d 731, 734-35 (9th Cir. 1982). Relatedly, the
2 district court may take any action that will aid in the appeal. See
3 9 James Wm. Moore, Moore's Federal Practice, § 303.32[2][b][ii];
4 In re. Thorp, 655 F.2d 997, 998 (9th Cir. 1981); Resnik v. La Paz
5 Guest Ranch, 289 F.2d 814, 818 (9th Cir. 1961). This may include,
6 for example, clarifying the district court's prior findings or
7 entering written findings and conclusions. See, e.g., Federal Trade
8 Com'n v. Enforma Natural Products, Inc., 362 F.3d 1204, 1215-16
9 (9th Cir. 2004); Kern Oil, 840 F.2d at 734.

10 When an appeal has divested the district court of jurisdiction
11 but a party nevertheless seeks relief under Rule 60(b), "the proper
12 procedure is to ask the district court whether it wishes to
13 entertain the motion, or to grant it, and then move [the appellate]
14 court, if appropriate, for remand of the case." Scott v. Younger,
15 739 F.2d 1464, 1466 (9th Cir. 1984); see also Gould v. Mut. Life
16 Ins. Co. of New York, 790 F.2d 769, 772 (9th Cir. 1986).

17 Here, the court was divested of its jurisdiction to modify its
18 April 26, 2006 remedy order by the defendants' notice of appeal
19 filed in May, 2006. The appeal relates to the very order that the
20 state defendants now seek to modify via Rule 60(b). If the court
21 were to grant such a motion, it would cause the precise type of
22 confusion of a "mobile record" that the jurisdiction-divesture rule
23 exists to prevent. See NRDC, 242 F.3d at 1166

24 Moreover, the exceptions to the rule divesting the court of
25 jurisdiction do not apply. The defendants have moved to modify the
26 court's remedies order in order to extend the deadline for VOC

5

reductions in Ventura County from 2008 to 2012. This is a material modification that would not simply aid in the appeal or preserve the status quo.

Finally, the state defendants have not followed the necessary procedure if they seek to revest this court with jurisdiction. They have not asked this court if it would entertain or grant their Rule 60(b) motion, and they have not sought a remand from the Court of Appeals.[3] Consequently, because the defendants' appeal is still pending and the case has not been remanded to this court, the court has not been revested with jurisdiction to consider the Rule 60(b) motion.

**B.   Clarification of The Remedies Order**

To the extent that it will assist in the pending appeal, the court clarifies what is required by the April 26, 2006 remedies order. The court acknowledges that there is some ambiguity in its remedies order, as the order may be read to require that the state implement regulations by January 1, 2008, while permitting the actual targeted reductions to be achieved after that date.

The relevant portion of the remedies order states: "Defendants shall propose, adopt and submit to EPA for approval, and implement regulations no later than January 1, 2008, to achieve the emission reductions goals as set forth in the May 9, 1995 memorandum from James Well [*sic*] to James Boyd ("Wells memo")." The Wells memo, as

---

[3] If the court construes the defendants' motion as asking this court whether it would entertain or grant a motion to modify, the court responds that, based on the record before it, it is not inclined to entertain or grant such a motion.

6

recreated in relevant part in the February 2006 summary judgment order, stated:

> The Department of Pesticide Regulation commits to adopt and submit to U.S. EPA by June 15, 1997, any regulations necessary to reduce volatile organic compound emissions from agricultural and commercial structural pesticides by specific percentages of the 1990 base year emissions[4], by specified years, and in specified nonattainment areas, as listed . . .

The memo then stated that the following reductions of volatile organic compound emissions would be made in Ventura county: 8% by 1996, 12% by 1999, 16% by 2002, and 20% by 2005.

While the court's remedies order may have been ambiguous as to when the state must achieve emissions reductions in Ventura county, the Wells memo is not. The Wells memo is clear that a 20% reduction in VOC emissions must be accomplished by 2005. Where the Wells memo states that action must be taken "*by* specified years," this requirement plainly refers to the reductions of VOC emissions, not simply the adoption and submission of regulations. The court must interpret a State Implementation Plan by its plain meaning.[5] See Safe Air for Everyone v. United States Environmental Protection Agency, 488 F.3d 1088, 1100 (9th Cir. 2007); Bayview Hunters Point Community Advocates v. Metro. Transp. Comm'n, 366 F.3d 692 (9th Cir. 2004). Because the remedies order explicitly ordered the defendants to achieve the goals described in the Wells memo, the

---

[4] In the remedies order, the court ordered that the 1991 inventory was to be used as a surrogate 1990 baseline, consistent with the court's holding in its summary judgment order.

[5] The court held in the February 22, 2006 summary judgment order that the Wells memo is part of the State Implementation Plan.

7

defendants are bound by the memo's plain directives.[6] The defendants' suggestion that this order can allow for a gradual reduction until 2012 is therefore not tenable.

**C.   Stay of the Remedies Order**

At oral argument, the defendants requested this court stay its remedies order so that the state may comply with the California law requirements for approval of the regulations it is endeavoring to implement. The defendants represented that this process will take up to forty-five calendar days.

Under Rule 62 this court has jurisdiction to stay an injunction pending an appeal. See Fed. R. Civ. Proc. 62(c); Hoffman, 536 F.2d at 1276. While no formal motion under Rule 62(c) has been filed, the court recognizes that it would be imprudent to require the defendants to implement their regulations so quickly as to prevent them from complying with state law. Consequently, the court stays its April 26, 2006 Remedy Order with regards to paragraph 1 of the order (page 2, lines 8-11) for forty-five calendar days from the date of this order.

## IV. CONCLUSION

For the reasons described herein, the defendants' motion is DENIED.

The court's April 26, 2006 order is STAYED as to paragraph one

---

[6] Because the summary judgment and remedies orders were issued in 2006, the 2005 deadline included in the Wells memo had obviously passed. Therefore, the court gave the defendants until 2008 to implement regulations to achieve 20% VOC reductions in the five ozone non-attainment areas.

8

1  (1) of that order, for forty-five calendar days from the date of
2  this order.
3       IT IS SO ORDERED.
4       DATED: December 12, 2007.

                              /s/ Lawrence K. Karlton
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT