1

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9  EL COMITE PARA EL BIENESTAR DE
   EARLIMART,, et al,
10
                   Plaintiffs,              Civ. S-04-882 LKK/KJM
11
        v.
12                                          O R D E R

13 MARY-ANN WARMERDAM, et al,

14                 Defendants.
   _____/
15
   AIR COALITION TEAM,
16
                   Intervenor.
17 _____/

18       Plaintiffs are a collection of community organizations that

19 brought suit against various state agencies for violation of the

20 Clean Air Act, 42 U.S.C. §§ 7401 et seq. In 2006, the court granted

21 summary judgment in plaintiffs' favor on their first cause of

22 action. In August 2008, the Court of Appeals reversed that

23 decision, concluding that the court did not have subject matter

24 jurisdiction under section 304 of the Clean Air Act. Pending before

25 the court is defendants' motion to confirm that attorneys' fees and

26 costs and unavailable to plaintiffs due to the lack of

1  jurisdiction. The court agrees.

2                          **I. Background**

3      In 2004, plaintiffs brought suit against California state

4  officials responsible for designing and implementing a state air

5  quality plan. In their first cause of action, plaintiffs alleged

6  that defendants had failed to adopt a state air quality plan by the

7  deadline set forth in the State Implementation Plan ("SIP"), which

8  had been developed pursuant to the state's obligations under the

9  Clean Air Act. See 42 U.S.C. § 7410. In their second cause of

10 action, plaintiffs alleged that defendants violated the SIP by

11 improperly calculating a certain air quality baseline. In 2006, the

12 parties cross-moved for summary judgment on both claims.

13     The court granted defendants' motion as to the second cause

14 of action for lack of jurisdiction under 42 U.S.C. § 7604. The

15 court granted plaintiffs' motion as to the first cause of action.

16 With regards to the latter, the court concluded that a May 9, 1995

17 memorandum from Department of Pesticide Regulation Director James

18 Wells to California Air Resources Board Director James Boyd was

19 incorporated into the SIP. Consequently, when the SIP was approved

20 by the EPA, the state's commitment to reduce volatile organic

21 compound emissions as described in the Wells letter was made

22 binding and enforceable. Because the defendants had not carried out

23 their commitments under the SIP, the court held that they violated

24 the Clean Air Act.

25     After ordering briefing on remedies, the court entered a

26 separate remedies order in April 2006. In May 2007, the court

                                   2

1  issued an order pursuant to the parties' stipulation on attorneys

2  fees. It provided that "the 'appropriateness' of [the amount

3  stipulated] may be altered by the pending appeals of this Court's

4  orders to the U.S. Court of Appeals for the Ninth Circuit. . . ."

5  Stipulation & Order, May 8, 2007 at 2.

6      Defendants had appealed the summary judgment and remedies

7  orders on the grounds that the court's determination as to

8  plaintiffs' first cause of action exceeded its jurisdiction under

9  the Clean Air Act. The Court of Appeals agreed, issuing its order

10 of reversal in August 2008. El Comite Para El Bienestar De

11 Earlimart v. Warmerdam, 539 F.3d 1062, 1065 (9th Cir. 2008). The

12 Court of Appeals concluded,

13              The district court declared that California
               violated the CAA and the California SIP by
14             "failing to adopt 'enforceable control
               measures' as required by the [Clean Air Act]."
15             . . . Because neither the Wells Memorandum nor
               the baseline data provide an enforceable
16             emission standard or limitation, no relief is
               available to El Comite under § 304 of the CAA,
17             42 U.S.C. § 7604(a). Nor would the district
               court have jurisdiction to hold, in effect,
18             that the EPA improperly approved an invalid
               SIP because it lacked enforceable emission
19             standards. That challenge, and any related
               relief, falls outside the purview of the
20             district court and would have to be brought as
               a petition to review the EPA's rulemaking
21             process. See 42 U.S.C. § 7607(b)(1).

22 Id. at 1073. Pursuant to this order, the court dismissed the case

23 for lack of jurisdiction on March 3, 2009.

24                          **II. ANALYSIS**

25      Because the court lacked subject matter jurisdiction over both

26 of plaintiffs' causes of action, the court lacks jurisdiction to

1  award attorneys' fees to the plaintiffs.

2       It is axiomatic that the federal courts are courts of limited
3  jurisdiction and the court is presumed to lack jurisdiction "unless
4  the contrary affirmatively appears." Stock W., Inc. v. Confederated
5  Tribes of Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989)
6  (citing California   v. Andrus, 608 F.2d 1247, 1249 (9th Cir.
7  1979)).

8       Plaintiffs contend that the court maintains jurisdiction
9  pursuant to the May 2007 Stipulation and Order Regarding Attorney
10  Fees, notwithstanding the Court of Appeals' reversal for lack of
11  jurisdiction under the Clean Air Act. The court cannot agree.
12  Plaintiffs brought their original claim under section 304, the
13  citizen suit provision of the CAA. 42 U.S.C. § 7604. Section 304(a)
14  grants subject matter jurisdiction to the district courts only "to
15  enforce an emission standard or limitation" or "an order issued by
16  the . . . State with respect to such standard or limitation."
17  Further, section 304(d) provides that "[t]he court, in issuing any
18  final order in any action brought pursuant to subsection (a) of
19  this section, may award costs of litigation (including reasonable
20  attorney and expert witness fees) to any party, wherever the court
21  determines such award is appropriate." § 7604(d). It was under
22  this purported authority that the Stipulation and Order Regarding
23  Attorneys Fees was entered. See Stipulation & Order, May 7, 2007,
24  at 1.

25       As explained above, however, the Court of Appeals has
26  concluded that the court's grant of summary judgment for plaintiffs

4

was in excess of the court's jurisdiction, because it was not enforcing an emission standard or limitation per § 304 of the Clean Air Act. It follows that if the court did not have jurisdiction to adjudicate this matter on the merits, then the court does not have jurisdiction to award attorney fees to plaintiffs.

The Court of Appeals has confirmed this in other statutory contexts. In Zambrano v. I.N.S., 282 F.3d 1145, 1149-50 (9th Cir. 2002), amended by, Zambrano v. I.N.S., 302 F.3d 909 (9th Cir. 2002), the Ninth Circuit Court held that subject matter jurisdiction is necessary for the underlying action in order for the Court to award attorney fees under the Equal Access to Justice Act. See also In re Knight, 207 F.3d 1115, 1116-17 (9th Cir. 2000) (district court had no authority to grant attorneys fees in an ERISA case where it lacked jurisdiction over the case); Branson v. Nott, 62 F.3d 287, 292-93 (9th Cir. 1995)(holding that "[b]ecause the district court lacked subject matter jurisdiction over [a] purported civil rights claim in the first instance, it also lacked the power to award attorney's fees under the civil rights attorney fee statute [42 U.S.C. § 1988]."); Clark v. Busey, 959 F.2d 808, 810 (9th Cir. 1992) ("Subject matter jurisdiction to decide the merits of the underlying action is a 'condition precedent' to an award of fees or costs under the EAJA."); Smith v. Brady, 972 F.2d 1095, 1097 (9th Cir. 1992) ("if the district court lacked jurisdiction over the underlying suit, 'it had no authority to award attorney's fees'" (quoting Latch v. United States, 842 F.2d 1031, 1033 (9th Cir. 1988))). The Court of Appeals has explained

1   that there are few exceptions to this rule and all of the

2   exceptions are "exclusively nonsubstantive;" a court may award

3   attorneys fees notwithstanding a lack of subject matter

4   jurisdiction under Federal Rule of Civil Procedure 11, 28 U.S.C.

5   § 1919 (court may award costs to the defendant if a case is

6   dismissed for lack of jurisdiction), or 28 U.S.C. § 1447 (same, to

7   a plaintiff for wrongful removal). In re Knight, 207 F.3d at 1117.

8       The case relied on by plaintiffs, Citizens for a Better Env't

9   v. Steel Co., 230 F.3d 923 (7th Cir. 2000), in inapposite. There,

10  the Seventh Circuit held that the court had jurisdiction to award

11  costs and fees to the defendant upon the dismissal of plaintiffs'

12  suit for lack of subject matter jurisdiction. Id. at 925-26. The

13  court held that this was proper pursuant to 28 U.S.C. § 1919. Id.

14  at 926. As described above, the Ninth Circuit has also held that

15  this may be a proper basis for the award of fees and costs where

16  a court lacks subject matter jurisdiction. In re Knight, 207 F.3d

17  at 1117. Plaintiffs, however, do not argue that they are entitled

18  to fees and costs under this statute, nor could they. The statute

19  exists as a remedy for a defendant who has defended against a suit

20  that was brought without a lawful basis for jurisdiction. It offers

21  no remedy to a plaintiff who brings such a suit.

22       Therefore, subject matter jurisdiction over the underlying CAA

23  action is a prerequisite to the Court in granting attorney fees to

24  Plaintiff. Plaintiff's cause of action under the CAA was dismissed

25  for lack of subject matter jurisdiction by the Ninth Circuit, that

26  decision is final.  Accordantly, Plaintiff cannot now provide a

1 basis jurisdiction that was previously nonexistent.

2                           **III. Conclusion**

3       For the reasons stated herein, the defendants' motion is

4 GRANTED. The court is unable to award attorneys fees to plaintiff

5 in this case.

6       IT IS SO ORDERED.

7       DATED: July 9, 2009.

8

9

10                          LAWRENCE K. KARLTON
                            SENIOR JUDGE
11                          UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                   7